The opinion of the Court was delivered by 1 J
Tilghman C. J.
. A rule having been laid on the plaintiff t0 shew cause why his attachment should not be quashed, he filed an affidavit, on which he rests his case. The <lact about attachments, authorises the issuing an attachment against foreigners, in cases of debts contracted or owing within this State. It has been understood, under a liberal construction, that wherever the debt may have been contracted, property within the State may be attached. But there must be proof by oath of a demand, founded on contract. A demand founded in tort, is not sufficient. The plaintiff in this case has not sworn positively to a contract; but he has sworn to certain facts from which, perhaps a jury might infer a contract, and perhaps not. We do not think that sufficient. The plaintiff has sworn cautiously, for which he is to be commended. But if in his own opinion, the case was so doubtful that he could not swear to a contract, or to such facts as would necessarily imply a contract, the Court cannot help him out. We must not confine our attention to one side of the question. If it is a great convenience for creditors to bring foreigners into our Courts, by attachment, it is a great inconvenience for foreigners to have their property tied up in a distant country. And should the law of attachment be stretched beyond its true intent, it may be the means of diverting foreign commerce from our port. In the case before us we are of opinion, that good cause has not been shewn, and therefore the attachment should be quashed.
Attachment quashed.